**John HILL, Plaintiff,**

**William L. Ridenour, Plaintiff–Appellant,**

v.

**Reginald WILKINSON; John F. Kinkela; Margarette T. Ghee, Defendants–Appellees.**

No. 03–3232.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

William L. Ridenour, Chillicothe Correctional Institute, Chillicothe, OH, pro se.

John H. Jones, Office of the Attorney General, Columbus, OH, for Defendants–Appellees.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

*ORDER*

William L. Ridenour appeals pro se from the dismissal of a civil rights action that he had filed against the Ohio Adult Parole Authority ("OAPA"). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Ridenour joined a group of plaintiffs who challenged the OAPA's revised parole guidelines. The district court issued a partial dismissal order in 2001, but allowed

Ridenour to continue with several of his claims, including a claim that the OAPA had breached his plea agreement by basing his eligibility for release on an offense category score that related to his indictment, rather than the offenses to which he ultimately pleaded guilty. The court awarded summary judgment to the OAPA on this claim on September 12, 2002. It later granted Ridenour's motion to dismiss his remaining claims without prejudice, and the case was finally dismissed on November 21, 2002.

A *de novo* review of the record shows that the district court determined that the OAPA was bound by the state's plea agreement with Ridenour. However, the court also noted Ohio case law which indicated that the OAPA could determine a prisoner's parole eligibility by referring to an offense for which he had been indicted, even if he later pleaded guilty to a less serious offense. *See Layne v. Ohio Adult Parole Auth.*, No. 9–2001–06, 2001 WL 574326 (Ohio Ct.App. May 29, 2001) (unpublished). Thus, the court found that the OAPA had not breached Ridenour's plea contract.

Unfortunately, the district court did not have the benefit of the Ohio Supreme Court's recent decision in *Layne v. Ohio Adult Parole Authority*, 97 Ohio St.3d 456, 780 N.E.2d 548, 555 (2002), which held that an inmate's offense category score must be based on the offense for which he was convicted. Thus, the state supreme court reversed the lower court's decision in *Layne* and affirmed *Lee v. Ohio Adult Parole Auth.*, No. 18833, 2001 WL 991744 (Ohio Ct.App. Aug.31, 2001), which had directed the OAPA to base an inmate's offense category score on his conviction, rather than his indictment. The state supreme court's ruling on this issue is binding on the federal courts. *See Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 78

L.Ed.2d 187 (1983) (per curiam). Thus, it appears that the new decision in *Layne* may affect the district court's careful analysis here.

The appellee now asserts that Ridenour's claim is moot because the OAPA will follow the new decision in *Layne*. Ridenour has submitted exhibits in response, which indicate that the OAPA has not consistently adopted the new standard. Counsel's assertion and Ridenour's exhibits are not part of the district court record, and we will not consider them for the first time on appeal.

Ridenour apparently also argues that the revised parole guidelines offend the separation of powers doctrine because they usurp the sentencing authority of the judiciary. We decline to reach this argument because Ridenour's notice of appeal specifically challenged only the district court's dismissal of his "unconstitutional breach of plea agreement contracts claim." *See Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 516 (6th Cir.1991).

Accordingly, the district court's judgment is vacated insofar as it dismissed Ridenour's plea contract claim and the case is remanded for further consideration of that claim. The court's judgment is affirmed in all other respects. Rule 34(j)(2)(C), Rules of the Sixth Circuit.